PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEMAR MORGAN, | ) | |
| | ) | CASE NO. 4:22CV2158 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN FERNANDO GARZA, *et al.*, | ) | |
| | ) | **ORDER** |
| Respondents. | ) | [Resolving ECF No. 9] |

Pending is *Pro Se* Petitioner Gemar Morgan's Motion for Reconsideration (ECF No. 9).

**I.**

Petitioner is a federal inmate currently serving his prison sentence at FCI Elkton in Lisbon, Ohio, which is a low security federal correctional institution located within the Northern District of Ohio. His anticipated release date is May 9, 2031. *See* http://www.bop.gov/inmateloc/ (last visited April 13, 2023). Petitioner administratively protested the application of the Greatest Security Management ("MGTV") variable[1] on his

---

[1] "A Management Variable (MGTVs) reflects and supports the professional judgment of Bureau staff to ensure the inmate's placement in the most appropriate level institution. A Management Variable(s) is required when placement has been made and/or maintained at an institution level inconsistent with the inmate's security score – a score which may not completely/accurately reflect his or her security needs." Bureau of Prisons ("BOP") Program Statement 5100.08, CN-1, Inmate Security Designation and Custody Classification, Ch. 2, p. 3 (Sept. 4, 2019).

(4:22CV2158)

Custody Classification form (ECF No. 1-2) and requested its removal. The MGTV, approved by the BOP Designation and Sentence Computation Center ("DSCC"), expires on September 18, 2023. He asserts the MGTV was applied for offense conduct in his inmate file that occurred over 15 years ago. The BOP determined that a camp placement for Petitioner is not appropriate at this time because of the MGTV. *See* BOP Responses (ECF No. 1-3 at PageID #: 14, 16, and 18).

Morgan filed a *pro se* Petition for Writ of Mandamus (ECF No. 1) pursuant to 28 U.S.C. § 1361 requesting the Court to compel Respondents to abide by BOP Program Statement 5100.08, CN-1 in determining his custody classification. Petitioner cites *Flournoy v. Hemingway*, No. 20-cv-10496, 2020 WL 5878213 (E.D. Mich. Oct. 2, 2020), in support of the Petition (ECF No. 1) as well as the within Motion (ECF No. 9). In *Flournoy*, however, the district court denied the petition for writ of mandamus because it determined mandamus relief was not available as the action petitioner sought to compel – his security reclassification and reassignment to another facility – is discretionary. 2020 WL 5878213, at *2.

On February 17, 2023, the Court entered an Order (ECF No. 5) that construed ECF No. 1 as a Petition under 28 U.S.C. § 2241 and cited *Locklear v. Holland*, No. 98-6407, 1999 WL 1000835, at *1 (6th Cir. Oct. 28, 1999) and *Wingo v. Farley*, No. 4:12-CV-2072, 2013 WL 2151638 (N.D. Ohio May 16, 2013). ECF No. 5 also required that Respondents serve and file an "Answer" to the *pro se* Petition within 30 days from the date of the Order and show cause why the Petition should not be granted and the writ sought be issued. *See* ECF No. 5 at PageID #: 39.

2

(4:22CV2158)

Petitioner now moves the Court to "correct the Order" to reflect that he filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1361 because a § 2241 petition can be dismissed. *See* ECF No. 9.

In *Zambrella v. Warden*, No. 17-233-DLB, 2017 WL 3723663 (E.D. Ky. Aug. 29, 2017), a federal inmate filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to compel the respondents to remove information in his inmate file which stated that he spent 60 days in jail in Chicago in 1998, information the petitioner asserted was incorrect. The petitioner did not contend that the information affected his release date, only his eligibility to participate in certain prison programs. The district court stated: "the Sixth Circuit has held that challenges which, if successful, would not affect the duration of a sentence are not necessarily outside the scope of habeas relief. *Terrell v. United States*, 564 F. 3d 442, 445-48 (2009). The Sixth Circuit and district courts within it have assumed without discussion that claims such as this are cognizable in a § 2241 petition. *Locklear v. Holland*, No. 98-6407, 1999 WL 1000835, at *1 (6th Cir. Oct. 28, 1999); *Wingo v. Farley*, No. 4:12-CV-2072, 2013 WL 2151638, at *2-3 (N.D. Ohio May 16, 2013)." *Zambrella*, 2017 WL 3723663, at *1.

**II.**

Despite Warden Fernando Garza, the U.S. Attorney General, and the U.S. Attorney for the Northern District of Ohio having been served by certified mail with a copy of the prior Order (ECF No. 5) in February 2023, *see* Certified Mail Receipts (ECF Nos. 6, 7, and 8), Respondents have yet to file an "Answer" to the *pro se* Petition.

3

(4:22CV2158)

### III.

For the reasons above, Petitioner's Motion for Reconsideration (ECF No. 9) is denied. The matter shall proceed as a Petition under 28 U.S.C. § 2241.

The Clerk is directed to issue a copy of this Order by regular mail to Gemar Morgan, #40722-039, FCI Elkton, P.O. Box 10, Lisbon, OH 44432; Warden Fernando Garza, FCI Elkton, P.O. Box 129, Lisbon, OH 44432; and, Assistant U.S. Attorney Patricia M. Fitzgerald, Northern District of Ohio, Carl B. Stokes U.S. Court House, 801 West Superior Avenue, Suite 400, Cleveland, Ohio 44113-1852.

IT IS SO ORDERED.

| | |
|---|---|
|   April 14, 2023 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |

4