PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEMAR MORGAN, | ) | |
| | ) | CASE NO.  4:22CV2158 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| WARDEN FERNANDO GARZA, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| Respondents. | ) | **AND ORDER** |

Pending is *Pro Se* Petitioner Gemar Morgan's Petition for Writ of Mandamus (ECF No. 1) pursuant to 28 U.S.C. § 1361, construed as a Petition pursuant to 28 U.S.C. § 2241.  *See* Order (ECF No. 5) (citing *Locklear v. Holland*, No. 98-6407, 1999 WL 1000835, at *1 (6th Cir. Oct. 28, 1999) and *Wingo v. Farley*, No. 4:12-CV-2072, 2013 WL 2151638 (N.D. Ohio May 16, 2013)); Order (ECF No. 10) (denying Petitioner's Motion for Reconsideration).  Petitioner seeks a transfer to lower security housing.  The Court has been advised, having reviewed the record, the parties' briefs,[1] and the applicable law.  For the reasons that follow, the Court denies the Petition.

**I.  Background**

On November 6, 2019, a jury in the Eastern District of Michigan found Petitioner guilty of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  *See United States v. Morgan*, No. 2:19-cr-20259 (E.D. Mich. filed April 24, 2019).  Petitioner had previously pled guilty to the same offense in 2006 and was sentenced to be imprisoned for 78

---

[1]  Petitioner did not file a permissive "Brief in Response" after Respondents filed their Response to Petition (ECF No. 17).  *See* Order (ECF No. 18) at PageID #: 190.

(4:22CV2158)

months, followed by a three-year term of supervised release.  *See United States v. Morgan*, No.

1:06-cr-00190 (W.D. Mich. filed Aug. 9, 2006).

Following the 2019 conviction, a probation officer prepared a presentence report

("PSR"), which stated:

> [Petitioner] had at least three state-court convictions—two for armed robbery and one for assault with intent to murder—for violent felonies and classified [Petitioner] as an armed career criminal subject to a sentence enhancement under 18 U.S.C. § 924(e).  For each of these convictions, [Petitioner] was convicted as an adult and sentenced as a juvenile.  The PSR also indicated that [Petitioner] had another state-court conviction for armed robbery and a conviction in federal court for being a felon in possession of a firearm.

*United States v. Morgan*, No. 21-2628, 2022 WL 17411291, at *1 (6th Cir. Aug. 1, 2022)

(order), *cert. denied*, 143 S.Ct. 504 (2022).  The PSR also described a violent incident that

occurred in March 2006, in which Petitioner's wife called law enforcement, and law enforcement

used a taser to subdue Petitioner.  *See* Request for Transfer/Application of a Management

Variable (ECF No. 17-1 at PageID #: 78).  The district court for the Eastern District of Michigan

imposed a sentence of 180 months and two years of supervised release.  *See United States v.*

*Morgan*, No. 2:19-cr-20259 (E.D. Mich. June 15, 2021).

Petitioner was a federal inmate incarcerated at FCI Elkton in Lisbon, Ohio at all times

relevant to this action.  FCI Elkton is a low security federal correctional institution with an

adjacent low security satellite prison located within the Northern District of Ohio.[2]  His

---

[2]  According to the Federal Bureau of Prisons ("BOP") website (http://www.bop.gov/ inmateloc/) (last visited March 6, 2026), Petitioner is currently serving his prison sentence at FCI Oakdale II in Oakdale, Louisiana.  FCI Oakdale is also a low security federal correctional institution with an adjacent minimum security satellite camp.

2

(4:22CV2158)

anticipated release date is January 19, 2031.  *See* http://www.bop.gov/inmateloc/ (last visited

March 6, 2026).  The BOP had given Petitioner a placement at a low security institution.

Petitioner administratively protested the application of the Greatest Security Management

("MGTV") variable[3] on his Custody Classification form (ECF No. 1-2), and requested its

removal and that he be housed at a minimum security prison camp.[4]  Petitioner asserts the

MGTV was applied for offense conduct in his inmate file that occurred over 15 years ago.  The

BOP determined that a camp placement for Petitioner was not appropriate at the time because of

the MGTV.  *See* BOP Responses (ECF No. 1-3 at PageID #: 14, 16, and 18).

## II.  Analysis

Petitioner requests the Court to compel Respondents to abide by BOP Program Statement

5100.08, CN-1 in determining his custody classification.  He cites *Flournoy v. Hemingway*, No.

20-cv-10496, 2020 WL 5878213 (E.D. Mich. Oct. 2, 2020), in support of the Petition (ECF No.

1).  In *Flournoy*, however, the district court denied the petition for writ of mandamus because it

determined mandamus relief was not available as the action petitioner sought to compel – his

---

[3]  BOP Program Statement 5100.08 provides guidelines for BOP staff to make custody classification decisions.  "A Management Variable (MGTVs) reflects and supports the professional judgment of Bureau staff to ensure the inmate's placement in the most appropriate level institution.  A Management Variable(s) is required when placement has been made and/or maintained at an institution level inconsistent with the inmate's security score – a score which may not completely/accurately reflect his or her security needs."  Bureau of Prisons ("BOP") Program Statement 5100.08, CN-1, Inmate Security Designation and Custody Classification, Ch. 2, p. 3 (Sept. 4, 2019).

[4]  The MGTV, approved by the BOP Designation and Sentence Computation Center ("DSCC"), expired on September 18, 2023.  *See* ECF No. 1-3 at PageID #: 16; Declaration of Jonathan Kerr (ECF No. 17-1) at PageID #: 72, ¶ 4.

3

(4:22CV2158)

security reclassification and reassignment to another facility – is discretionary with the BOP.

2020 WL 5878213, at *2.

In *Zambrella v. Warden*, No. 17-233-DLB, 2017 WL 3723663 (E.D. Ky. Aug. 29, 2017),

a federal inmate filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241

to compel the respondents to remove information in his inmate file which stated that he spent 60

days in jail in Chicago in 1998, information the petitioner asserted was incorrect.  The petitioner

did not contend that the information affected his release date, only his eligibility to participate in

certain prison programs.  The district court stated:  "the Sixth Circuit has held that challenges

which, if successful, would not affect the duration of a sentence are not necessarily outside the

scope of habeas relief.  *Terrell v. United States*, 564 F. 3d 442, 445-48 (2009).  The Sixth Circuit

and district courts within it have assumed without discussion that claims such as this are

cognizable in a § 2241 petition.  *Locklear v. Holland*, No. 98-6407, 1999 WL 1000835, at *1

(6th Cir. Oct. 28, 1999); *Wingo v. Farley*, No. 4:12CV2072, 2013 WL 2151638, at *2-3 (N.D.

Ohio May 16, 2013)."  *Zambrella*, 2017 WL 3723663, at *1.

In general, "[a]fter a district court sentences a federal offender, the Attorney General,

through the BOP, has the responsibility for administering the sentence."  *United States v. Wilson*,

503 U.S. 329, 335 (1992).  Congress provided the BOP with full discretion for the classification

and housing of its inmates.  *See* 18 U.S.C. § 3621(b) (the BOP "shall designate the place of the

prisoner's imprisonment," and may "direct the transfer of a prisoner from one penal or

correctional facility to another").  Section 3621(b) expressly states that "[n]otwithstanding any

other provision of law, a designation of a place of imprisonment under this subsection is not

reviewable by any court."  *See United States v. Vang*, No. 16-277 (DWF/KMM), 2020 WL

4

(4:22CV2158)

4704875, at *2 (D. Minn. Aug. 13, 2020) ("Courts have consistently held that placement questions are not reviewable."); *see also, e.g.*, *United States v. Murchison*, 865 F.3d 23, 28 n.8 (1st Cir. 2017) ("Determinations as to classification of prisoners and eligibility to participate in certain programs are left to the BOP, not the courts.").

The BOP's classification procedures function solely within the discretion of the Attorney General, as delegated to the Director of the BOP.  *See* 18 U.S.C. § 4081; 28 C.F.R. § 0.96.  *See e.g.*, *Peck v. Hoff*, 660 F.2d 371, 373 (8th Cir.1981) (per curiam) (citing *Moody v. Daggett*, 429 U.S. 78, 88, n. 9 (1976) (prisoners who assert any right to a certain security classification do not state a legitimate statutory or constitutional claim sufficient to invoke due process)); *Mader v. Sanders*, 67 Fed.Appx. 869, 871 (6th Cir . 2003) (affirming denial of habeas petition seeking transfer to a lower security prison camp).  In a nutshell, as a BOP inmate, Petitioner lacks a constitutional interest in his custodial classification.  Therefore, his disagreement with that classification is insufficient to establish that his custody violates the Constitution.  *United States v. Legros*, No. 18-223-01, 2021 WL 5286307, at *5 (W.D. La. Nov. 12, 2021).

The BOP exercised its discretion in assigning Petitioner his MGTV.  Because security classifications and challenges to custody classifications are wholly within the discretion of the BOP, and because the removal of the MGTV will not change the duration of his sentence, Petitioner is not entitled to relief.  *See, e.g.*, *Wingo*, 2013 WL 2151638, at *2 (dismissing a § 2241 petition that claimed the BOP abused its discretion by using inaccurate information to determine *pro se* petitioner's security classification).

5

(4:22CV2158)

### III.  Conclusion

Accordingly, the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is

denied, and this action is dismissed pursuant to 28 U.S.C. § 2243.  Furthermore, the Court

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken

in good faith.

The Clerk is directed to issue a copy of this Memorandum of Opinion and Order by

regular mail to Gemar Morgan, #40722-039, FCI Oakdale II, P.O. Box 5010, Oakdale, LA

71463.[5]

IT IS SO ORDERED.

   March 6, 2026          */s/ Benita Y. Pearson*     
Date                          Benita Y. Pearson
                            United States District Judge

---

[5]  Petitioner has failed to provide the court with his current address.  It is the party, not the court, who bears the burden of apprising the court of any changes to his mailing address.  *See Yeschick v. Mineta*, 675 F.3d 622, 630 (6th Cir. 2012) (citing *Casimir v. Sunrise Fin., Inc.*, 299 Fed.Appx. 591, 593 (7th Cir. 2008) (affirming district court's denial of Rule 60(b) motion when movants claimed due to house fire they did not receive mail informing them of court's entry of summary judgment); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal courts is responsible for maintaining communication with the court during the pendency of his lawsuit."); *Watsy v. Richards*, No. 86-1856, 1987 WL 37151, at *1 (6th Cir. April 20, 1987) (affirming dismissal for failure to prosecute when appellant failed to provide district court with "current address necessary to enable communication with him").